UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GOLDEN BEAR INSURANCE COMPANY,    )
                                  )
      Plaintiff,                  )
                                  )
v.                                )    CASE NO. _____
                                  )
PALM SPRINGS GRILL, LLC., d/b/a SCORES )
GENTLEMAN'S CLUB, CLUB LAND LLC   )
and SEAN REDMOND,                 )
                                  )
      Defendants.                 )
_____)

**COMPLAINT FOR DECLARATORY JUDGMENT**

GOLDEN BEAR INSURANCE COMPANY ("GOLDEN BEAR") pursuant to FED. R. CIV. P. 57 and 28 U.S.C. § 2201, respectfully submits this Complaint for Declaratory Judgment against Defendants, PALM SPRINGS GRILL, LLC., d/b/a SCORES GENTLEMAN'S CLUB ("PSG"), CLUB LAND LLC ("CLUB LAND") and SEAN REDMOND ("REDMOND") and states as follows:

**Parties, Jurisdiction, and Venue**

1. GOLDEN BEAR is a foreign corporation incorporated in the State of California with its principal place of business in Stockton, California and is authorized to do business in the State of Florida.

2. REDMOND is an individual and plaintiff in the underlying action, who is a citizen of the State of Florida, who upon information and belief resides in Palm Beach County, Florida.

3. PSG is a Florida Limited Liability Company incorporated in the State of Florida with its principal place of business in Palm Springs, Florida. PSG is the named insured under the Policy that is the subject of this action.

1

4. CLUB LAND is a Florida Limited Liability Company incorporated in the State of Florida with its principal place of business in Palm Springs, Florida. PSG is an additional insured as designated by an endorsement to the Policy that is the subject of this action

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because of the complete diversity of citizenship and residency between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

**Factual Background**

### A.   THE UNDERLYING LITIGATION

7. On December 3, 2023, REDMOND filed a lawsuit captioned *Sean Redmond v. Palm Springs Grill, LLC d/b/a Scores Gentlemens Club et al.*, in the Circuit Court of the Fifteenth Judicial Circuit in and For Palm Beach County, Florida and assigned the Case Number 502021CA013182XXXXMBAF (the "Underlying Litigation"). A copy of the Complaint is attached hereto as Exhibit "A".[1]

8. The Underlying Lawsuit alleges that REDMOND was injured while being removed from PSG's premises by a PSG employee, who allegedly let REDMOND go in such a manner that REDMOND allegedly was injured.

9. Specifically, the Complaint alleges that REDMOND was injured while being escorted out of the establishment. The Complaint asserts at paragraph 16 that PSG breached its duties to REDMOND by:

a. Failing to provide appropriate lighting in hallway and around exits;

---

1. On May 1, 2023, REDMOND filed his Motion to Amend the Complaint in the Underlying Litigation, but that motion is presently pending.

2

>b. Failing to escort SEAN REDMOND out of the building in a manner that would not cause him to fall, hit his head and cause serious bodily injury;
>c. Failing to let go of SEAN REDMOND in a safe manner that would not cause or contribute to him falling and hitting his head on the concrete;
>d. Failing to act in a manner that was reasonable and appropriate under the circumstances.

See Exhibit "B" at ¶ 16.

10. Similarly, the Complaint alleges the same breaches against CLUB LAND. See Exhibit "B" at ¶ 34.

11. Notably, the Complaint makes clear and concedes that REDMOND was being forcibly removed from PSG's property by alleged PSG employees:

>SCORES GENTLEMENS CLUB employee. . . approached MR. REDMOND at the hallway leading to the rear exit doors and told him to use another exit. MR. REDMOND and the employee spoke about the different hallways that could be used to exit the building. At the conclusion of the discussion, the club employee escorted SEAN REDMOND down a dimly lit hallway towards the exit door. The employee was holding on to SEAN REDMOND and navigating him through the dark hallway. Upon exiting through the rear doors, the club employee let go of SEAN REDMOND in such a manner that it caused SEAN REDMOND to trip, fall and hit his head on the concrete.

*See* Ex. "B" at ¶ 13.

12. REDMOND asserts a claim of negligence against PSG, vicarious liability against PSG and negligence against CLUB LAND.

### B. THE INSURANCE POLICY

13. GOLDEN BEAR issued a Commercial General Liability insurance policy to PSG bearing effective dates of January 14, 2020 through January 14, 2021, designated policy no. GBL 11690 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "B".

14. The Policy has a general aggregate limit of $2 million with a $1 million limit per occurrence.

15. The Policy states in relevant part:

3

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

***

We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any 'suit" seeking damages for "personal and advertising injury" to which this insurance does not apply…

*See* Exhibit "B".

16. The Policy is modified by Endorsement GBR 212 02/14, which states in part:

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART

**A.** COMMERCIAL GENERAL LIABILITY COVERAGE PART, SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, a. Expected or Intended Injury and LIQUOR LIABILITY COVERAGE PART, SECTION I – LIQUOR LIABILITY COVERAGE, 2. Exclusions, a. Expected or Intended Injury are replaced by the following:
  a. Expected or Intended Injury
 "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**B.** The following exclusion is added as an item to the COMMERCIAL GENERAL LIABILITY COVERAGE PART, SECTION I- COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions; COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions; COVERAGE C MEDICAL PAYMENTS, 2. Exclusions, and to the LIQUOR LIABILITY COVERAGE PART, SECTION I- LIQUOR LIABILITY COVERAGE, 2. Exclusions:

This insurance does not apply to claims or "suits" to recover damages for "bodily injury," or "property damage," "personal and advertising injury," or medical payments arising from any of the following acts, allegations, or causes of action:

4

1. Assault;
2. Battery;
3. Harmful or offensive contact between or among two or more persons;
4. Apprehension of harmful or offensive contact between or among two or more persons;
5. Threats by words or deeds;
6. Unlawful restraint or false imprisonment;
7. Negligent hiring or retention of any employee resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
8. Failure to supervise or train any employee resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
9. Negligent entrustment resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
10. Negligent rescue in the aiding or failing to aid any person from any act or allegation of any act identified in 1-6 above, even if the rescue was an independent cause of harm or alleged to be;
11. Negligent maintenance of the premises resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
12. Any actual or alleged failure to prevent, halt, or bar any act identified in 1-6 above, or
13. Indemnity for any act identified in 1-6 above.

The above acts, allegations, or causes of action shall not be deemed an "occurrence" and we have no duty to defend or indemnify an insured regardless of the degree of culpability or intent and without regard to:

1. Whether damages sought are for "bodily injury," "property damage," "personal injury," or "advertising injury";
2. The intent or culpability of an insured, an employee, or "third party";
3. Whether the claim, demand, or suit alleges that an insured acted directly or indirectly to cause damage;
4. Whether the claim, demand, or suit alleges that liability is based upon the doctrine of respondeat superior;
5. Whether the claim, demand, or suit alleges that the insured trained, instructed, directed, influenced, or controlled its employees or "third parties" in such a manner so as to cause damage or danger;
6. Whether the acts, allegations, or causes of action identified above occurred on or off the insured's jobsite or designated premises or premises owned, occupied, leased or rented by the insured;
7. Whether the claim, demand, or suit alleges that the insured or his officers, employees, or agents failed to prevent, bar or halt any conduct which is the basis of any act, allegation, or cause of action listed in Section C, items 1-13 above, or
8. Whether or not the claim, demand, or suit alleges indemnity is owed pursuant to a contract.

    **C.** This exclusion also applies to any claims, demands, or suits by any other person, firm, estate, entity or organization asserting rights derived from, or contingent upon, any person asserting a claim excluded by Section C, items 1-13 above.

    **D**. This exclusion applies to all damages to persons or property, regardless of the damages alleged, claimed, stipulated or awarded, including costs and fees.

As defined in this exclusion, "third party" shall mean agents, independent contractors, sub-contractors, patrons, customers, lessors or lessees, security personnel, or any other persons lawfully or unlawfully on the insured's designated premise."

*See* Exhibit "B".

17. To the extent that the Underlying Litigation alleges facts, the facts alleged do not implicate the Policy because the allegations and the underlying facts, make it clear that the Underlying Litigation seeks recovery for REDMOND being ejected from PSG's premises.

18. Further, during the course of the Underlying Litigation, evidence makes it clear that REDMOND claims he was "choked" until he blacked out by a PSG employee.

19. It is clear that the Underlying Litigation arises from the alleged altercation between REDMOND and PSG's and/or CLUB LAND's employees.

20. The facts in the Underlying Litigation fall within the aforementioned exclusion, the Policy does not provide coverage for the claims made in the Underlying Litigation.

## **COUNT I - DECLARATORY JUDGMENT AS TO ALL DEFENDANTS**

21. GOLDEN BEAR realleges and incorporates the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

22. GOLDEN BEAR seeks an Order from the Court determining the obligations of GOLDEN BEAR to the Parties relative to the Underlying Litigation, including a determination that GOLDEN BEAR is not obligated to defend and/or indemnify PSG or CLUB LAND relative to the Underlying Litigation.

23. A bona fide, actual, present practical need for a declaration exists.

24. The declaration requested concerns a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

25. A privilege or right of the Plaintiff is dependent upon the facts or the law applicable to the facts.

26. The Parties have an actual, present, adverse and antagonistic interest in the subject matter, either in law or in fact.

27. The relief sought by GOLDEN BEAR is not merely the giving of legal advice or the answer to questions propounded for curiosity.

28. Further, GOLDEN BEAR seeks an Order awarding GOLDEN BEAR such other relief as the Court deems proper.

WHEREFORE the Plaintiff, GOLDEN BEAR INSURANCE COMPANY, INC., respectfully requests that this Court resolve this controversy pursuant to FED. R. CIV. P. 57 and 28 U.S.C.A. § 2201 and determine the rights and obligations of the Parties under the Policy relative to the Litigation, enter a declaration that GOLDEN BEAR is not required to defend Palm Springs Grill, LLC., d/b/a Scores Gentleman's Club and Club Land LLC in the Underlying Litigation, and award it any other relief this Court deems just.

### **COUNT II - DECLARATORY JUDGMENT AS TO ALL DEFENDANTS**

29. GOLDEN BEAR realleges and incorporates the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

30. GOLDEN BEAR seeks an Order from the Court determining the obligations of GOLDEN BEAR to the Parties relative to the Underlying Litigation, including a determination

that GOLDEN BEAR is not obligated to indemnify PSG or CLUB LAND relative to the Underlying Litigation.

31. A bona fide, actual, present practical need for a declaration exists.

32. The declaration requested concerns a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

33. A privilege or right of the Plaintiff is dependent upon the facts or the law applicable to the facts.

34. The Parties have an actual, present, adverse and antagonistic interest in the subject matter, either in law or in fact.

35. The relief sought by GOLDEN BEAR is not merely the giving of legal advice or the answer to questions propounded for curiosity.

36. Further, GOLDEN BEAR seeks an Order awarding GOLDEN BEAR such other relief as the Court deems proper.

WHEREFORE the Plaintiff, GOLDEN BEAR INSURANCE COMPANY, INC., respectfully requests that this Court resolve this controversy pursuant to FED. R. CIV. P. 57 and 28 U.S.C.A. § 2201 and determine the rights and obligations of the Parties under the Policy relative to the Litigation, enter a declaration that GOLDEN BEAR is not required to indemnify Palm Springs Grill, LLC., d/b/a Scores Gentleman's Club and Club Land LLC in the Underlying Litigation, and award it any other relief this Court deems just.

Respectfully submitted this 12th day of June, 2023.

        LYDECKER LLP
*Attorneys for Plaintiff,*
*GOLDEN BEAR INSURANCE COMPANY, INC.*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
(305) 416-3180 – Phone
(305) 416-3190 – Fax

By:    /s/ Stephen Hunter Johnson
       STEPHEN HUNTER JOHNSON
       Florida Bar No. 12362
       shj@lydecker.com